Amrane Cohen, Chapter 13 Trustee
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
e-mail: efile@ch13ac.com

United States Bankruptcy Court
Central District of California – Santa Ana Division

| | |
|---|---|
| Jeffrey Allan Brown<br><br>Monica Marie Brown<br><br><br><br>Debtor(s) | Case No.: 8:23-bk-11027-MH<br><br>Objection to Confirmation of Chapter 13 Plan<br><br>Date:    July 20, 2023<br>Time:    10:30 AM<br>Courtroom:    6C<br><br>411 West Fourth St., Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby submits his Objection to Confirmation of Chapter 13 Plan. The confirmation hearing is currently set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested in this objection or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing. Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

If the Trustee's Objection is sustained, Trustee requests dismissal of the case for failure to confirm a plan under 11 U.S.C. §1307(c) or conversion to chapter 7, whichever is in the best interest of creditors and the estate.

Jeffrey Allan Brown and Monica Marie Brown ("Debtors") filed a chapter 13 petition on or about 5/19/2023.

<u>Jurisdiction:</u>

The bankruptcy court has jurisdiction pursuant to 28 U.S.C.§§ 1334 and 157(b)(2)(L).

\\

Standing of Trustee to object:

The Trustee has standing and shall "appear and be heard" on issues affecting plan confirmation.  See §1302(b)(2)(B).   In Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1408 (9th Cir. 1995), the Circuit Court held that the Chapter 13 Trustee has standing to object to confirmation of a plan that does not meet the requirements for confirmation under § 1325(a)(1) notwithstanding the absence of any objecting creditors.

The Trustee objects to confirmation on the following grounds:

1. No Plan Payments were Received by Trustee:

Section 1326(a)(1) states: "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, …"  The date for the order of relief is stated above and no plan payments were  received by the trustee by the date of the meeting of creditors.

Trustee reserves the right to raise the issue of any plan payments not yet due today but that may become due by the date of the confirmation hearing.

Failure of debtors to make plan payment is evidence that they will not be able to comply with the requirements of §1325(a)(6), therefore the proposed plan cannot be confirmed.

2. Tax returns request by Trustee have not been provided for review:

LBR 3015-1(c)(4)(C) requires self employed debtors to provide the trustee as proof of income "Tax returns for at least 2 years or since the start of the business, whichever period is shorter;.."  Trustee requested tax returns for 2022 and has not received them.  As such Debtor has failed to comply with an order of the court and plan confirmation should be denied until the Debtor comes in compliance with the local bankruptcy rule.

3. Motion to value liens not filed:

The plan proposes to cram down the liens of David Van Malsen and Ronald Burdett, both of them listed as secured by "Corporate Assets transferred from Bel-Air Shells, Inc." in schedule D. The Plan cannot be confirmed until the secured portion of these claims is determined to verify that the plan treatment of the claims is appropriate.  Trustee requests dismissal of the case or conversion to chapter 7, whichever is in the best interest of creditors and the estate, if the motions to value are not filed by the time of the first confirmation hearing for unreasonable delay as provided by §1307(c)(1).

4. <u>Court needs to determine if the case was filed in good faith:</u>

Debtor transferred corporate assets to himself then filed this chapter 13 case. The corporation could not have filed a chapter 13 and business creditors may have had more protections in a chapter 11 case, either as a straight chapter 11 or under subchapter V. Debtor bears the burden of proof on all elements of confirmation including §§1325(a)(3) (the plan has been proposed in good faith…) and 1325(a)(7) (the action of the debtor in filing the petition was in good faith).

5. <u>Debtor fails to provide for filed secured claim:</u>

Claim number 2 on the claims register has been filed for $55,731.00 by Creditor Kalamata Capital Group and is not provided for in the plan. The claim is allowed as filed until objected to and renders the plan not feasible. Debtor needs to object to the claim or amend the plan to address the filed claim.

If Trustee objections are not addressed, Trustee requests that plan confirmation be denied and the case be dismissed, including dismissal under §109(g), or converted to chapter 7, whichever is in the best interest of creditors and the estate under §1307(c)(5).

Dated: 7/3/2023                             By:<u>/s/Amrane Cohen</u>
                                            Amrane Cohen, Chapter 13 Trustee

<u>Verification:</u>

I, Amrane Cohen, declare that I am the duly appointed Chapter 13 Trustee in this case. I have reviewed the files and records maintained in this case. The facts stated in this objection are based upon those records and are true and correct to the best of my knowledge.

Dated: 7/3/2023  By:<u>/s/Amrane Cohen</u>
  Amrane Cohen, Chapter 13 Trustee

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **Objection to Plan Confirmation__**
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __July 3, 2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

CHRISTOPHER J. LANGLEY, ESQ.  chris@slclawoffice.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) ___July 3, 2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Hon. Mark D. Houle

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 3, 2023 | Aldo Amaya | /S/ Aldo Amaya |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                         **F 9013-3.1.PROOF.SERVICE**

Jeffrey Allan Brown
Monica Marie Brown
1040 N. Kemp St. Unit C
Anaheim, CA 92801